IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Monte L. Shular, On Behalf of Himself and All Others Similarly Situated,<br><br><br>    Plaintiff,<br><br>  v.<br><br><br>LVNV Funding LLC and<br><br>Michael J. Scott, PC,<br><br><br>    Defendants. | Civil Action No. 4:14-cv-3053<br><br><br><br>CLASS ACTION |

**Memorandum in Support of Plaintiff's Motion to Certify Class Action**

**ABRAHAM, WATKINS, NICHOLS,
SORRELS, AGOSTO & FRIEND**
800 Commerce Street
Houston, Texas 77002
Telephone: 713.222.7211
Fax: 713.225.0827

*Counsel for Plaintiff*

# TABLE OF CONTENTS

Statement of Facts..............................................................................   1

Procedural History.............................................................................   2

Argument...........................................................................................   3

    A.    The class should be certified pursuant to Rule 23(a)
           of the Federal Rules of Civil Procedure................................   3

    B.    Plaintiff also satisfies the factors of Rule 23(b).....................   7

    C.    The Proposed Classes Satisfy the Requirement of
           Rule 23(b)(3)........................................................................   8

         a.  Common Questions Predominate Over Questions
              Affecting Only Individual Class Members........................   8

         b.  Class Resolution Is Superior to Alternative
              Methods For Adjudication Of the Controversy.................   9

Conclusion.........................................................................................   10

i

# TABLE OF AUTHORITIES

## CASES:

*Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 613, 117 S. Ct. 2231, 2244, 138 L. Ed. 2d 689 (1997).................................................... 3

*Barnett v. Experian Information Solutions,* 2004 WL 4032909, *5 (E.D. Tex., Sept. 30, 2004).................................................................... 3, 10

*Bell Atlantic Corp v. AT&T Corp.,* 339 F.3d 24, 301 (5th Cir. 2003)............ 8

*Castro v. Collector, Inc.* 256 F.R.D. 534 (W.D. Tex. 2009)......................... 4

*Dura-Bilt Corp. v. Chase Manhattan Corp.* 89. F.R.D. 87, 99 (S.D.N.Y. 1981)................................................................................... 5

*E.g. Haynes v. Logan Furniture Mart, Inc.,* 503 F.2d 1161, 1164 (7th Cir. 1974)................................................................................. 8

*E.g., Watkins v. Simmons & Clark, Inc.,* 618 F.2d 398, 404 (6th Cir. 1980)... 9

*Forbush v. J.C. Penney Co.*, 994 F.2d 1101, 1106 (5th Cir. 1993)................ 4

*Haywood v. Barnes,* 109 F.R.D. 568, 579 (E.D. N.C. 1986)......................... 6

*Henry v. Cash Today,* 199 F.R.D. 566, 569-70 (S.D. Tex. 2000)................... 7

*Horton v. Goose Creek Ind. Sch. Dist.*, 690 F2d 470, 484 (5th Cir. 1982)...... 5

*In Re Corrugated Container Antitrust Litig.,* 643 F.2d 195, 208 (5th Cir. 1981)................................................................................. 6

*In Re Glassine & Greaseproof Paper Antitrust Litig.,* 88 R.F.D. 302, 306 (E.D. Pa. 1980)................................................................... 7

*Jenkins v. Raymark Indus. Inc.,* 782 F2d at 472...................................... 5

*McGlothlin v. Connors,* 142 F.R.D. 626, 634 (W.D. Va. 1992)...................... 6

*Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 624 (5th Cir. 1999)...... 4

*Sosna v. Iowa,* 419 U.S. 393, 403 (1975)...................................................... 5


**STATUTES AND PROCEDURAL RULES:**

15 U.S.C. 1692................................................................................  3, 10
FED. R. CIV. P. 23...........................................................  3, 4, 5, 7, 8, 9, 10
TEX. FIN CODE § 392.403.................................................................  10

**OTHER AUTHORITIES:**

Rubenstein, W., Conte, A. & Newberg, H. 2 NEWBERG CLASS ACTIONS
§ 4:1 (4th ed. 2009)................................................................... 7

The Complaint alleges that LVNV Funding sued Monte Shular, and those like him, on the basis of debt that originated with Conn Appliances, Inc. Discovery has disclosed that LVNV Funding purchased tens of thousands of accounts from Conn Appliances, Inc. in November 2012. Defendant Michael Scott PC, the only law firm used to file suit on those claims, has produced 3,786 separate lawsuits that were filed on LVNV Funding's behalf to collect that debt. This action satisfies all the requirements for class certification.

The four prerequisites of Rules 23(a) – numerosity; commonality; typicality; and adequacy of representation – are easily met. The action also satisfies the two core requirements for certification under Rule 23(b)(3): predominance of common questions of law or fact and superiority of a class action over other available methods for adjudication. Thus class certification is eminently warranted.

## Statement of Facts

On October 25, 2013, defendant LVNV Funding, LLC, though its attorney Michael Scott PC, filed suit against Monte L. Shular in Montgomery County, Texas to collect a debt allegedly owned by LVNV Funding, LLC. LVNV Funding had allegedly acquired the debt from Conn Appliances, Inc. Discovery in the underlying suit revealed that LVNV Funding did not in fact own the debt at issue. Upon Mr. Shular's credit application he signed a form contract. In that contract, Conn Appliances automatically assigned the debt to another entity, Conn Funding II, LP. *See* Declaration of Sammy Ford at Exhibit 2, page 12.

1

The documents purporting to show that LVNV Funding owned Mr. Shular's debt revealed that no entity ever purchased Mr. Shular's debt from Conn Funding II, LP. Instead, Conn Appliances sold Mr. Shular's debt, along with the debt of thousands of others to Sherman Originator III, LLC on November 8, 2012. On the same date, through a transaction by and among Sherman Originator II, LLC, Sherman Originator, LLC, and LVNV Funding, LLC the latter came to be the owner of the purported debt from Conn Appliances. *See* Declaration of Sammy Ford at Exhibit 2, pages 3-4. But as is clear from the transaction and the documents produced in this case thus far, there is no record that Conn Appliances ever owned the debt in the first place and accordingly that it could sell the debt to anyone else.

Mr. Shular's case went to trial on the merits and he prevailed, after having hired counsel.

LVNV Funding, through Michael J. Scott PC, has filed 3,768 lawsuits against individuals whose debt they purported to purchase from Conn's Appliances. These lawsuits have been filed in counties throughout the state of Texas. As discovery has shown, LVNV Funding was not the assignee of the debt it was attempting to collect.

## Procedural History

This action was commenced on October 24, 2014 asserting claims under the Federal Debt Collection Act and the Texas Debt Collection Act. (Dkt. #1) Monte Shular is filing the instant motion seeking certification of the following class:

All individuals subject to debt collection by LVNV Funding, LLC between November 8, 2012, and June 1, 2015, in connection with debt originally owned and

2

purportedly purchased from Conn Appliances, Inc. ("Class Period") and transferred as a part of the November 8, 2012 assignment and sale by and among Conn Appliances, Inc., Sherman Originator III, LLC, Sherman Originator, LLC and LVNV Funding, LLC.

Plaintiff also seeks his appointment as the Class Representative and the appointment of Abraham, Watkins, Nichols, Sorrels, Agosto & Friend as Class Counsel.

<u>Argument</u>

**A.    The class should be certified pursuant to Rule 23(a) of the Federal Rules of Civil Procedure**

Class actions promote judicial economy by aggregating small claims into one lawsuit. Debt collection cases can be maintained as class actions. *See* 15. U.S.C. 1692k(a)(2)(B) (referencing class actions); *see also Barnett v. Experian Information Solutions,* 2004 WL 4032909, *5 (E.D. Tex., Sept. 30, 2004).

To certify a putative class, the Court must determine whether four threshold requirements of Federal Rule 23(a) are met: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 613, 117 S. Ct. 2231, 2244, 138 L. Ed. 2d 689 (1997). In addition, the Court must determine whether the action is maintainable under Federal Rule 23(b). *Id.* at 614.

The requirements of Rule 23(a) are easily satisfied here. With respect to numerosity, according to discovery, LVNV purchased 33,943 accounts in the November 8, 2012 transaction. *See* Declaration of Sammy Ford at Exhibit 5.

Michael Scott has sued 3,768 individuals in connection with debt purportedly acquired from Conn Appliances. *See* Declaration of Sammy Ford at Exhibit 4 and Paragraph 5. The numerosity requirement of Rule 23(a) requires joinder to be impracticable. *See*, *e.g.*, *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 624 (5th Cir. 1999) (affirming a class of 100 to 150 persons). The class that plaintiff seeks to have this court certify is accordingly much larger than the impracticable number found in the case law.

Commonality is satisfied here as well. Rule 23(a)(2) requires that there be "questions of law or fact common to the class." As already described, each individual in the proposed class had their account purchased in a single transaction on November 8, 2012. Moreover, approximately 10% of those individuals were subsequently sued by LVNV Funding using the services of Michael Scott, PC. The common element here then is that the a single question is common to all of these individuals—did Conn Appliances own the debt that it purported to sell and that LVNV Funding purported to attempt to collect. *See Forbush v. J.C. Penney Co.*, 994 F.2d 1101, 1106 (5th Cir. 1993) (commonality test is met where there is at least one issue whose resolution will affect all or a significant number of putative class members). Courts have frequently found that cases under the Federal Debt Collection Act are prime candidates for class certification. *See e.g. Castro v. Collector, Inc.* 256 F.R.D. 534 (W.D. Tex. 2009).

The third requirement under Rule 23(a) is that "the claims … of the representative parties" be "typical of the claims … of the class." Practically, the requirements tend to merge. As one court has noted:

> Typicality refers to the nature of the claim of the Class representatives, and not to the specific facts from which the claim arose or relief is sought. The proper inquiry is whether other members of the class have the same or similar injury, whether the action is based on conduct not special or unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct. Factual differences will not defeat class certification where the various claims arise from the same legal theory.

*Dura-Bilt Corp. v. Chase Manhattan Corp.* 89. F.R.D. 87, 99 (S.D.N.Y. 1981). Mr. Shular's claims are typical of the claims of the class. Though perhaps not all class members were sued by LVNV Funding, at least 3,768 of them were. And those not sued would have been subject to collection activities like Mr. Shular before he was sued. The simple fact is that all members of this class would have been forced to pay LVNV Funding on a debt that the latter did not in fact own.

Finally, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(4), which requires that "a plaintiff must fairly and adequately protect the interests of the class." To do so requires the satisfaction of two factors: (a) that the suit not be collusive and plaintiff's interest not be antagonistic to the class; and (b) that the representative party's attorney be qualified, experienced and generally able to conduct litigation." *Sosna v. Iowa,* 419 U.S. 393, 403 (1975*); Jenkins v. Raymark Indus., Inc.*, 782 F2d at 472; *Horton v. Goose Creek Ind. Sch. Dist.*, 690 F2d 470, 484 (5th Cir. 1982). As the Fifth Circuit has explained,

so long as all class members are united in asserting a common right, such as achieving the maximum possible recovery for the class, the class interests are not antagonistic for representation purposes.

*In Re Corrugated Container Antitrust Litig.,* 643 F.2d 195, 208 (5th Cir. 1981). The burden is on the defendant "to establish inadequate representation." *McGlothlin v. Connors,* 142 F.R.D. 626, 634 (W.D. Va. 1992), *citing Haywood v. Barnes,* 109 F.R.D. 568, 579 (E.D. N.C. 1986). Here, the named Plaintiff is an adequate representative, and Defendants will not be able to rebut the presumption of adequate representation.

Monte Shular, the named class representative, is willing to vigorously pursue these claims on behalf of the unnamed Classes. He has conferred – and continues to confer – with Class Counsel to monitor the progress of the litigation. In addition, he understands the duties of the class representative, and agrees to fulfill such duties. *See* Declaration of Monte L. Shular.

Plaintiff's counsel satisfies the second requirement for adequacy. In making this determination, the Court must consider the work counsel has done in identifying or investigating potential claims in the action; counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; counsel's knowledge of the applicable law; and the resources counsel will commit to representing the class. In addition, the Court may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class, and may direct potential class counsel to provide information on any subject pertinent to the appointment and the proposed terms for the attorney fees

and nontaxable costs. Plaintiff has retained counsel experienced in class litigation and eminently able to conduct this litigation and protect the interests of the Class, as reflected by the declaration of the proposed Class Counsel. *See* Declaration of Sammy Ford at Paragraph 4. Going forward, proposed Class Counsel are prepared to commit the resources necessary to prepare this case for trial – including the appropriate use of partners, associates, paralegals, and third party vendors. The Court therefore has sufficient information to appoint Class Counsel who will fairly and adequately represent the interests of the Class. Simply put, "there is no ground for supposing that plaintiff[s] will not adequately represent the class." *In Re Glassine & Greaseproof Paper Antitrust Litig.,* 88 R.F.D. 302, 306 (E.D. Pa. 1980).

## B.    Plaintiff also satisfies the factors of Rule 23(b)

Because Plaintiff has satisfied the requirement of Rule 23(a), this Court should certify for Class under one Rule 23(b)'s three subsections. *Henry v. Cash Today,* 199 F.R.D. 566, 569-70 (S.D. Tex. 2000).

As often has been noted, the additional requirements of Rule 23(b) overlap considerably with those of Rule 23(a), and with other. Rubenstein, W., Conte, A. & Newberg, H. 2 NEWBERG CLASS ACTIONS § 4:1 (4th ed. 2009). The following discussion of the Rule 23(b) factors – in conjunction with the discussion of the Rule 23(a) facts above – demonstrates that the proposed Classes meet the requirements of one or more of the Rule 23(b) subsections. Accordingly, this Court should certify the Classes.

**C.**     **The Proposed Classes Satisfy the Requirements of Rule 23(b)(3)**

Rule 23(b)(3) provides that a class should be certified where "the court finds that question of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." FED. R. CIV. P. 23(b)(3). Thus, class certification is proper under Rule 23(b)(3) when: (1) questions common to the class members predominate over questions affecting only individual members, and (2) class resolution is superior to alternative methods of adjudication of the controversy." *Bell Atlantic Corp v. AT&T Corp.,* 339 F.3d 24, 301 (5th Cir. 2003).

**a.**     **Common Questions Predominate Over Questions Affecting Only Individual Class Members**

To predominate, common issues must constitute a significant part of individual class members' cases. Where, as here, a common course of conduct has been alleged arising out of the common nucleus of operative facts, common questions predominate. In fact, cases (such as this one) which focus upon the legality of standardized practices often result in the predomination of common questions of law or fact and are, therefore, generally appropriate for resolution by class action." *E.g. Haynes v. Logan Furniture Mart, Inc.,* 503 F.2d 1161, 1164 (7th Cir. 1974) (finding the class action to be the appropriate method to resolve a dispute under TILA where the defendant used standardized retail contracts).

**b.    Class Resolution Is Superior to Alternative Methods For Adjudication Of the Controversy**

Rule 23(b)(3) directs the Court to determine that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. FED. R. CIV. P. 23 (b)(3). Class actions are the superior method for resolving controversies when the main objectives of Rule 23 are served; namely, the efficient resolution of the class or liabilities of many individuals in a single action, as well as the elimination of repetitious litigation and possibly inconsistent adjudications. In testing predominance and superiority pursuant to Rule 23(b)(3), the trial court should consider (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forums; and (D) the difficulties likely to be encountered in the management of the class action. Each of these facts strongly weighs in favor of class action in this case.

Class actions are often the superior method for resolving suits to enforce compliance with consumer protection laws, because the awards in an individual case are usually too small to encourage the lone consumer to file suit. *See, E.g., Watkins v. Simmons & Clark, Inc.,* 618 F.2d 398, 404 (6th Cir. 1980). The Eastern District of Texas has noted that "the typical recovery in an FDCOPA case by an individual is often very small . . . . The absence of the class action vehicle would leave many consumers with no practical alternative to enforce their rights under

9

the statute." *Barnett v. Experian Information Solutions,* 2004 WL 4032909, *5 (E.D. Tex., Sept. 30 2014). Absent class certification, it is unlikely that the individual members of the Classes will bring suit on their own, as the FDCPA limits awards beyond actual damages to a maximum of $1,000 plus attorneys' fees and costs, and the TDCA limits damage awards, in most cases including this one, to actual damages plus attorneys' fees and costs. 15 U.S.C. § 1962k(a)(2)(A); TEX. FIN CODE § 392.403. With relatively minor damage awards at stake in this case, the interests of individual class members in controlling the litigation are small – and the need for a class proceeding is great.

Considerations of judicial economy and convenience also favor certification of a class action proceeding in this forum. It is judicially efficient to determine the Defendants' liability for standardized conduct in a single proceeding. This Court is also an appropriate and convenient forum. The proposed Class likely includes a significant number of Texas residents. Plaintiff is not aware of any other previously filed litigation by or against members of the class which would resolve the issues involved in this litigation.

<u>Conclusion</u>

For the reasons stated above, the court should certify the National Class pursuant to FED. R. CIV. P. 23(b)(2). Further, for the foregoing reasons the Court should appoint Abraham Watkins as counsel for the proposed Classes and appoint Monte Shular Class Representative for the proposed Classes.

Dated: September 10th, 2015.

**ABRAHAM, WATKINS, NICHOLS,**
SORRELS, AGOSTO & FRIEND

*/s/ Sammy Ford IV*

Sammy Ford IV
State Bar No. 24061331
Federal Bar No. 868540
800 Commerce Street
Houston, Texas 77002
713.222.7211 Phone
713.225.0827 Fax

**Counsel for Plaintiff**

**<u>Certificate of Service</u>**

I hereby certify that a true and correct copy of the foregoing instrument has been served by electronic CM/ECF filing on this the 10th day of September, 2015.

*/s/ Sammy Ford IV*

Sammy Ford IV

11