IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Monte L. Shular, On Behalf of Himself and All Others Similarly Situated, | § § § § | |
| Plaintiff, | § | |
| | § | Civil Action No.4:14-CV-3053 |
| v. | § | |
| | § | |
| LVNV Funding LLC and Michael J. Scott, P.C. | § § | |
| Defendants. | | |

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendants LVNV Funding, LLC ("LVNV"), and Michael J. Scott, P.C. ("MJS") (collectively "Defendants" herein), and file their Response in Opposition to Plaintiff's Motion for Class Certification and to respectfully show unto the Court as follows:

## I.
## INTRODUCTION

1.  Plaintiff filed his Motion for Class Certification (Doc. 28) and Memorandum in Support thereof (Doc. 29) (collectively "Motion" herein) on September 10, 2015. Plaintiff moves to certify a class for "[a]ll individuals subject to debt collection by LVNV Funding, LLC between November 8, 2012, and June 1, 2015, in connection with debt originally owned and purportedly purchased from Conn Appliances, Inc. ("Class Period") and transferred as a part of the November 8, 2012 assignment and sale by and among Conn Appliances, Inc., Sherman Originator III, LLC, Sherman Originator, LLC and LVNV Funding, LLC." Doc. 28 at 2. In his Motion, Plaintiff argues "LVNV Funding purchased tens of thousands of accounts from Conn Appliances, Inc. in November 2012. Defendant Michael Scott PC, the only law firm used to file

suit on those claims, had produced 3,786 separate lawsuits that were filed on LVNV Funding's behalf to collect that debt. This action satisfies all the requirements for class certification." *Id.*

2. However, Plaintiff fails to provide evidence of any kind that would allow this court to determine that the other accounts purchased share any traits common to Plaintiff's account that would predominate over any questions affecting only individual members and justify the certification of a class in this matter. Plaintiff fails to establish the four requirements of Fed. R. Civ. P. 23(a) and a single requirement of Rule 23(b). As detailed *infra*, Plaintiff fails to establish numerosity, commonality, typicality and adequacy by presenting no evidence of how many of the accounts and lawsuits are controlled by the same contract that Plaintiff signed. Last, Plaintiff fails to show a class action is a superior method to litigate this issue. As such, for the reasons stated herein, this Court must deny Plaintiff's Motion for Class Certification.

## II.
## ARGUMENT AND AUTHORITIES

### A. Standard of Law

3. "Class certification is governed by Federal Rule of Civil Procedure 23." *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2548 (2011). "Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule – that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart Stores, Inc.*, 131 S.Ct. at 2551. Parties seeking to certify a class must satisfy Fed. R. Civ. P. 23(a)'s four threshold requirements and the requirements of Fed. R. Civ. P. 23(b)(1), (2), or (3). *Maldonado v. Ochsner Clinic Found.*, 493 F.3d 521, 523 (5th Cir. 2007). "Recognizing that Rule 23 gives the district courts 'broad discretion to determine whether certification of a class-action lawsuit is appropriate,' this court reviews such decisions deferentially, *Chavez v. Ill. State Police*, 251 F.3d 612, 629 (7th Cir.

2001), and will 'reverse a district court's ruling regarding class certification only when we conclude that the district court abused its discretion in reaching its decision.'" *Arreola v. Godinez*, 546 F.3d 788, 794 (7th Cir. 2008).

4. The Supreme Court has recognized that sometimes it is necessary for the court to "probe behind the pleadings before coming to rest on the certification question," and that certification is proper only if the trial court is satisfied, after a "rigorous analysis," that the prerequisites of Rule 23(a) have been satisfied. *Wal-Mart Stores, Inc.*, 131 S.Ct. at 2552. "Frequently that 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim. That cannot be helped." *Id*. Going beyond the pleadings is necessary because a court must understand the claims, defenses, relevant facts, and applicable substantive law in order to make a meaningful determination of the certification issues. *Madison v. Chalmette Refining, LLC*, 637 F.3d 551, 555 (5th Cir. 2011); *Reeb v. Ohio Dept. of Rehabilitation and Correction*, 435 F.3d 639, 644-45 (6th Cir. 2006).

5. The party seeking class certification bears the burden of demonstrating that the requirements of Rule 23 have been met. *O'Sullivan v. Countrywide Home Loans, Inc.*, 319 F.3d 732, 737-38 (5th Cir. 2003). "Given the huge amount of judicial resources expended by class actions, particular care in their issuance is required." *Pipefitters Local 636 Ins. Fund v. Blue Cross Blue Shield of Michigan*, 2011 WL 3524325 at *9 (6th Cir. 2011). Under Rule 23(a), the party seeking certification must demonstrate, first, that: 1) the class is so numerous that joinder of all members is impracticable; 2) there are questions of law or fact common to the class; 3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and 4) the representative parties will fairly and adequately protect the interests of the class. "Second, the proposed class must satisfy at least one of the three requirements in Rule 23(b)." *Id*.

## B. Plaintiff Fails to Fulfill Rule 23(a)(2)'s Commonality Requirement

6. Commonality requires the plaintiff to demonstrate that class members have suffered the same injury. *Wal-Mart Stores, Inc.*, 131 S.Ct. at 2551; *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 157 (1982). Even a single common question will do. *Wal-Mart*, 131 S.Ct. at 2556). Commonality requires the plaintiffs to demonstrate that the class members "have suffered the same injury as that individual, such that the individual's claim and the class claims will share common questions of law or fact and that the individual's claim will be typical of the class claims." *Gen Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982). "The commonality test is met when there is 'at least one issue whose resolution will affect all or a significant number of the putative class members.'" *James v. City of Dallas, Tex.*, 254 F.3d 551, 570 (5th Cir. 2001) (*quoting Forbush v. J.C. Penny Co.*, 994 F.2d 1101, 1106 (5th Cir. 1993). Plaintiff's Motion for Class Certification utterly fails to show commonality. Plaintiff must show each class member suffered the same injury—but he cannot do this without first establishing standing and then establishing each class member entered into a contract containing the same language as that contained in Plaintiff's contract in order to establish them suffering the same alleged injury.

7. Plaintiff brings this action under the Federal Fair Debt Collection Practices Act ("FDCPA") and the Texas Debt Collection Act ("TDCA"). Doc. 29 at 2. While Plaintiff proposes the commonality issue is relatively easily satisfied—whether Conn Appliances owned the debt it purported to sell and that LVNV Funding purported to attempt to collect—whether or not the class members have standing and whether or not they entered into a contract containing the same language as Plaintiff's can only be analyzed on an individual basis.

8.	The FDCPA defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt." *See* 15 U.S.C. § 1692a(3). The Act further defines a "debt" as "any obligation…of a consumer to pay money arising out of a transaction in which the money, property, insurance or services…are primarily for personal, family, or household purposes…." *See* 15 U.S.C. § 1692a(5). The TDCA contains similar definitions in determining standing under the Act. *See* Tex. Fin. Code Ann. § 392.001. Further, the FDCPA contains a one-year statute of limitations on any actions to enforce liability under the Act. 15 U.S.C. § 1692k(d). In order to make a determination about the standing of each class member, the Court will be forced to engage in an investigation of each individual class member's debt to determine whether it arises from a transaction for personal, family or household use, and whether the action is brought within the one-year statute of limitations. This would cause the case to "degenerate in practice into multiple lawsuits separately tried." *Castano v. American Tobacco Co.*, 84 F.3d 734, 745 n. 19 (5th Cir. 1996) (citing Fed. R. Civ. P. 23 (advisory committee notes)). This is not efficient and would cause undue delay. For this reason, Plaintiff's request for class certification should be denied.

9.	The entirety of Plaintiff's evidence of the putative class members is contained within the Bill of Sale and Assignment of Assets ("Bill of Sale"), Transfer of Assignment ("Transfer"), and Schedule of Assets executed on November 8, 2012 (Doc. 29-4) as well as the account records produced by Defendants in response to Plaintiff's discovery requests ("Account Records") (Doc. 29-7). The Schedule of Assets consists of seven (7) pages. Doc 29-4 at 5-11. The Account Records, similarly, contain 1258 pages the final four (4) digits of the account numbers. Doc. 29-7. The only thing that Plaintiff's evidence shows and that this Court can glean from it is that Plaintiff's account was part of a sale that included 33,942 other accounts. There is nothing to

suggest that these other accounts share any of the same attributes that allowed Plaintiff to prevail in his original suit. It would be far too great a leap to impute standing and commonality to these accounts simply by dint of being included in the same bulk sale as Plaintiff's account. Allowing a class to be certified based solely on the arbitrary fact of the accounts being sold on the same date would lead to a miscarriage of justice against Defendants. Class certification should be denied.

### C. Plaintiff Fails to Fulfill Rule 23(a)(3)'s Typicality Requirement

10.  Just as Plaintiff has failed to establish commonality among the putative class, and for similar reasons, Plaintiff has failed to show that his claims are typical of the claims of the class members. "Typicality focuses on the similarity between the named plaintiffs' legal and remedial theories and the legal and remedial theories of those whom they purport to represent. *Lightbourn v. Cty. Of El Paso, Tex.*, 118 F.3d 421, 426 (5th Cir. 1997) (citing *Flanagan v. Ahearn (In re Asbestos Litig.)*, 90 F.3d 963, 976 (5th Cir. 1996)). "In the event the class members in this case were to proceed in a parallel action, they would advance legal and remedial theories similar, if not identical, to those advanced by the named plaintiffs." *Lightbourn*, 118 F.3d at 426.

11.  Plaintiff's argument for typicality amounts to a few conclusory statements that lack evidentiary support. Plaintiff claims that "[t]he simple fact is that all members of this class would have been forced to pay LVNV funding on a debt the latter did not in fact own." Doc. 29 at 5. As discussed above, there is nothing in Plaintiff's evidence that shows the other accounts that were part of the November 8, 2012 sale shared any of the same contractual elements that allowed Plaintiff to prevail on his lawsuit. Plaintiff was not successful in his underlying suit because his account was part of this particular sale; Plaintiff prevailed based on the language that was included in *his* contract. In order to determine whether Plaintiff's claims are typical of the other

accounts in this sale, the Court would have to conduct a detailed examination of the contractual language contained in *each* of the 33,942 other accounts.

12. Plaintiff has produced no evidence to suggest, much less establish, that any of the 33,942 contracts entered into by the class members contains language and terms similar to that which allowed Plaintiff to prevail on his suit. Because the evidence is utterly inconclusive on whether Plaintiff's claims are typical of the claims of the class members, this Court must deny certification.

### D. Plaintiff Does Not Provide Proper Evidence to Establish Numerosity

13. Rule 23(a)(1) requires Plaintiff to establish the "class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Plaintiff simply relies on the number of accounts that were included in the November 8, 2012 sale and provides no further argument. As addressed in the commonality and typicality arguments *supra*, there are individual issues at hand for every account as to whether or not the underlying contracts of each contain language similar to that of Plaintiff's contract. These are questions each individual must be asked making a class action impractical. As there is no evidence whether any of the 33,942 accounts possess claims typical to Plaintiff's or contain common contractual terms, Plaintiff fails to meet his burden under Rule 23(a)(1) and this Court must deny class certification.

### E. Plaintiff Fails to Fulfill Rule 23(a)(4)'s Adequacy Requirement

14. A class may not be certified unless the proposed class representative "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "The adequacy requirement mandates an inquiry into the zeal and competence of the representative's counsel and into the willingness and ability to of the representative to take an active role in and control the litigation and to protect the interests of the absentees…." *Horton v. Goose Creek Ind. School.*

*Dist.*, 690 F.2d 470, 484 (5th Cir. 1982). "The crux of the Rule 23(a)(4) requirement is that plaintiffs and plaintiffs' counsel not have any interests antagonistic to those of the class." *Feder v. Electronic Data Systems Corp.*, 429 F.3d 125, 135 (5th Cir. 2005) (citations omitted).

15. In order to fulfill the requirement that Plaintiff be an adequate representative of the class, Plaintiff simply provides the court with unsupported conclusory statements such as "the named Plaintiff is an adequate representative, and Defendants will not be able to rebut the presumption of adequate representation." Doc. 29 at 6. To support this claim, Plaintiff quotes an opinion from the Fifth Circuit that reads in part "so long as all class members are united in asserting a common right, such as achieving the maximum possible recovery for the class, the class interests are not antagonistic for representation purposes." *Id.* (*quoting In Re Corrugated Container Antitrust Litig.*, 643 F.2d 195, 208 (5th Cir. 1981).

16. However, Plaintiff has done nothing to show that he shares a common right or common claim with any of the potential class members. If the class representative does not suffer in the same manner as the other in the class, then there is a cause for concern regarding the adequacy of representation. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 625-26 (1997). Without first establishing that there is a claim common to the class members and that Plaintiff's case is typical of that claim, the question of asserting a common right such as maximum recovery is moot.

17. More importantly, if Plaintiff seeks actual damages on a class wide basis, it creates an individual inquiry into every class member's damages. But, if Plaintiff chooses to waive actual damages so it is a non-issue to class certification, his interests become antagonistic to the class. As this is the crux of Rule 23(a)(4), Plaintiff cannot establish this element for class certification. Further, without any evidence that Plaintiff is an adequate class representative, Plaintiff fails to meet his burden under Rule 23(a)(4) and this Court should deny certification.

### F. Plaintiff Fails to Meet the Rule 23(b)(3) Predominance and Superiority Requirements

18. Plaintiff argues that, having satisfied the requirements of Rules 23(a), this Court should grant class certification under the subsections of Rule 23(b). Doc. 29 at 7. Predominance under Rule 23(b)(3)(A) requires not only that common questions of law and fact exist, but that they "predominate over any questions affecting only individual members." *Amchem*, 521 U.S. at 623-24. The predominance and superiority requirements are "far more demanding" than Rule 23(a)(2)'s commonality requirement. *Id*. at 624. It requires a court to consider "how a trial on the merits would be conducted if a class were certified." *Bell Atl. Corp.*, 339 F.3d 294, 302 (5th Cir. 2003). It "entails identifying the substantive issues that will control the outcome, assessing which issues will predominate, and then determining whether the issues are common to the class, a process that ultimately prevents the class from degenerating into a series of individual trials." *Id*. (quotation marks and citation omitted).

### i. *Plaintiff Ignores Critical Predominance Issues Regarding Predominance*

19. The predominance inquiry involves a comparison of the issues common among the class members and the issues individual to them. This inquiry is far more demanding than the "commonality" requirement of Rule 23(a). *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1005 (11th Cir. 1997). The Rule 23(b)(3) predominance inquiry "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997). Unfortunately, Plaintiff's case requires too many individual determinations for it to be said that the common issues predominate.

20. As detailed at length *supra*, the Court will be forced to engage in an investigation of each individual class member's account to determine whether it arose from a transaction for personal, family or household use and whether the contracts entered into for each account contain similar

language to that which Plaintiff signed. There is no way to efficiently undertake this investigation which would only cause undue delay and defeat judicial economy. For this reason, Plaintiff misses the mark under the predominance inquiry.

## ii. *This Case Does not Meet Rule 23(b)(3)'s Superiority Requirement*

21. Plaintiff gives a cursory argument for the superiority inquiry with no support to the claims. Plaintiff simply recites the standard for considering whether a case meets the superiority requirement, but does little to argue for the appropriateness of a class action in this case. Plaintiff simply concludes that "[w]ith relatively minor damage awards at stake in this case, the interests of individual class members in controlling the litigation are small – and the need for a class proceeding is great." Doc. 29 at 10.

22. While the FDCPA only permits statutory damages of up to $1,000 per case, which can fairly be considered to be a small amount, it does allow a successful plaintiff to recover attorney's fees and costs. *See* 15 U.S.C. § 1692k. While a plaintiff suing under a law that permitted small damages awards may have a difficult time securing legal representation, a plaintiff under the FDCPA will not. In fact, a New York judge opined that the "cottage industry that has emerged" under the FDCPA "does not bring suits to remedy the 'widespread and serious national problem' of abuse…Rather, the inescapable inference is that the judicially developed standards have enabled a class of professional plaintiffs." *Jacobson v. Healthcare Financial Servs., Inc.*, 434 F. Supp. 2d 133, 138-39 (E.D.N.Y. 2006), *aff'd in part, rev'd in part by* 516 F.3d 85 (2d Cir. 2008). This alludes to the fact that the structure of the damages provision of the FDCPA not only works to address the intended wrongs, but has also led to "a proliferation of litigation" because of the potential recovery in attorney's fees. *See id.* But regardless of whether there are too many or too few cases, the point is that a class member can find an attorney to

protect his or her rights with relative ease and would end up better off in the long run by receiving up to $1,000 rather than receiving a small fraction of that from a class action judgment. As a result, Plaintiff's request for class status should be denied.

### G. Individual Questions Continue to Predominate Plaintiff's Claims

23. Plaintiff argues that this case meets all the requirements for class certification; however, after consideration of Plaintiff's arguments, it is clear that too many individual questions remain before this Court can grant such certification. As discussed above, the questions that this Court will have to answer and that all require investigation of the individual accounts are as follows:

#### i. *Consumer Standing*

24. Plaintiff brings this suit under the FDCPA and TDCA, both of which require standing as a consumer in order to sue and recover under the statutes. As discussed above, the FDCPA defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt." *See* 15 U.S.C. § 1692a(3). The Act further defines a "debt" as "any obligation…of a consumer to pay money arising out of a transaction in which the money, property, insurance or services…are primarily for personal, family, or household purposes…." *See* 15 U.S.C. § 1692a(5). Plaintiff has produced no evidence to show that any of the other accounts satisfy the requirements of consumer debt in order to proceed in this case.

25. Conn's is an appliance, furniture and electronics retailer. Conn's sells these items to individuals and businesses alike that all use the purchased items for different purposes. Plaintiff is making a rather large assumption when he argues that the 33,942 other accounts involved in the November 8, 2012 sale qualify for the putative class without any evidence that these accounts were created by natural persons primarily for personal, family, or household purposes. For this Court to certify a class in this case, it must first determine how many of the individual accounts

satisfy were for personal use rather than business to satisfy consumer standing under the FDCPA and TDCA.

### ii. Statute of Limitations

26. Aside from the requirement to establish standing as a consumer under the FDCPA and TDCA, this Court must determine whether each account is within the applicable statute of limitations. The FDCPA places a one-year statute of limitations on its actions. 15 U.S.C. § 1692k(d). Plaintiff has provided no of the dates of origin of any of the contracts that make up the 33,942 accounts in the November 8, 2012 sale. For this Court to certify a class in this case, it must first determine how many of the individual accounts are within the one-year statute of limitations and can, therefore, proceed with an action under the FDCPA.

### iii. Contractual Language

27. Plaintiff prevailed on his underlying suit based upon the language in his contract that assigned his debt to Conn Funding II, LP. Doc. 29 at 1. Plaintiff has produced no evidence to show that any of the other 33,942 contracts contain the same or similar language. Plaintiff's evidence to this point only establishes that these accounts were all part of the same bulk sale on November 8, 2012. Again, Plaintiff is making a large and unfounded assumption in arguing that the other accounts in this sale satisfy the requirements of class certification without any evidence of the contractual language in question being present in these accounts.

28. This Court cannot glean from the mere happenstance of being included in the same bulk sale whether or not any of these other accounts are based on contracts that contain the same language that allowed Plaintiff to be successful in his lawsuit. In order to certify a class in this case, this Court must individually determine which, if any, of the 33,942 other accounts contain this contractual language.

### iv. *Individual Damages*

29. Plaintiff's Motion ignores the possibility that the putative class members may have recoverable individual damages that would not be addressed in a class action. Under the Fair Debt Collection Practices Act ("FDCPA"), a debt collector who fails to comply with the Act's provisions with respect to any person is liable to that person in the amount of "any actual damages sustained" and, in the case of an individual, "additional damages as the court may allow, but not exceeding $1,000" or, in the case of a class action, up to $1,000 for the named plaintiff and "such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector." *See* 15 U.S.C. § 1692k(a)(1)-(2). Furthermore, the collector is liable for costs and reasonable attorney's fees if the action, either individual or class, is successful. *See* 15 U.S.C. § 1692k(a)(3).

30. Unlike the FDCPA, the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code § 392 *et seq*, does not specifically provide for class actions or how damages shall be calculated under the act in class action cases. *See* Tex. Fin. Code § 392. Instead, the TDCA simply states that "[a] person may sue for (1) injunctive relief to prevent or restrain a violation of this chapter; and (2) actual damages sustained as a result of a violation of this chapter." *See id.* at § 392.403(a). Furthermore, the statute explains that "[a] person who successfully maintains an action under subsection (a) is entitled to attorney's fees reasonably related to the amount of work performed and costs." *Id.* at § 392.403(b). Finally, the statute provides that "[a] person who successfully maintains an action under this section for violation of Section 392.101, 392.202, or 392.301(a)(3) is entitled to not less than $100 for each violation of this chapter." *Id.* at § 392.403(e).

31. Should Plaintiff be successful in gaining class certification for the other 33,942 accounts that were part of the November 8, 2012 sale, Plaintiff would essentially be preventing the other class members from arguing for and proving their potential individual damages and attorney's fees. Plaintiff assumes that the other class members have suffered in the same way and in the same amount that he has, but has produced no evidence that tends to show that this is the case. Again, before this Court can grant class certification, it would have to investigate the individual claims of the 33,942 other class members to determine whether or not their individual damages are in line with Plaintiff's, or whether they would be better served pursuing their claims individually.

## III.
## CONCLUSION

32. Plaintiff fails to fulfill each of the requirements under Rule 23(a) as well as Rule 23(b)(3) needed for this Court to grant class certification in this case. Too many individual issues arise defeating Plaintiff's arguments for commonality and typicality. There is no question that each of the purported class members must be asked whether the debt arose from a transaction in which the money, property, insurance or services primarily for personal, family, or household purposes, and whether each contract falls within the statute of limitations. 15 U.S.C. § 1692a(5). It is also without question that each of the 33,942 contracts must be examined to determine whether any of them contain language similar to that which allowed Plaintiff to prevail on his underlying suit. Plaintiff further fails to establish numerosity without the actual number of how many, if any, of the other accounts are controlled by a contract containing language similar to his.

33. There is also no evidence before the Court of Plaintiff's ability to adequately represent other purported class members. This analysis requires the Court to undertake a stringent and continuing examination of the adequacy Plaintiff at all stages of the litigation. *Susman v. Lincoln*

*American Corp.*, 561 F.2d 86, 89-90. Again, individual issues such as damages and fees undoubtedly predominate over the questions of law or fact common to class members and a class action is not superior to the benefits the individuals would have with separate suits. For each of these reasons, Plaintiff's Motion for Class Certification falls short and should be denied by this Court.

WHEREFORE, PREMISES CONSIDERED, Defendants LVNV Funding, LLC and Michael J. Scott, PC respectfully request this Court deny Plaintiff's Motion for Class Certification and award Defendants any relief, whether at law or in equity, justly entitled.

Respectfully submitted,

**ROBBIE MALONE, PLLC**

/s/ Robbie Malone
ROBBIE MALONE
State Bar No. 12876450
EUGENE XERXES MARTIN, IV
State Bar No. 24078928
Email: xmartin@rmalonelaw.com
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
(214) 346-2625
(214) 346-2631 FAX
E-mail: rmalone@rmalonelaw.com

***ATTORNEYS FOR DEFENDANT LVNV FUNDING, LLC AND MICHAEL J. SCOTT, PC***

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded to Plaintiff's counsel **via CM/ECF** on this 1st day of October, 2015.

Sammy Ford IV
Abraham, Watkins, Nichols, Sorrells, Agosto & Friend
800 Commerce Street
Houston, Texas 77002
sford@abrahamwatkins.com
*Attorney for Plaintiff*

                                              s/ Robbie Malone
                                              ROBBIE MALONE