IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Monte L. Shular, On Behalf of Himself and All Others Similarly Situated,<br>　　Plaintiff,<br><br>v.<br><br>LVNV Funding LLC and Michael J. Scott, P.C.<br>　　Defendants. | §§§§§§§§§§ | Civil Action No.4:14-CV-3053 |

## DEFENDANTS' SUPPLEMENT TO THEIR RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendants LVNV Funding, LLC ("LVNV"), and Michael J. Scott, P.C. ("MJS") (collectively "Defendants" herein), and file their Supplement to Their Response in Opposition to Plaintiff's Motion for Class Certification and to respectfully show unto the Court as follows:

## I.
## INTRODUCTION

1. Plaintiff filed his Motion for Class Certification (Doc. 28) and Memorandum in Support thereof (Doc. 29) (collectively "Motion" herein) on September 10, 2015. On October 1, 2015, Defendants filed their Response in Opposition to Plaintiff's Motion to Certify Class. Doc. 31.

2. On November 2, 2015 the United States District Court for the Middle District of Florida, Orlando Division issued an order in the case of *Riffle v. Convergent Outsourcing, Inc. and LVNV Funding LLC*, Case No. 6:14-01181-AAC-TBS (M.D. Fla. Nov. 2, 2015) denying the plaintiff's Motion for Class Certification. In particular and applicable to the case at hand, the court made findings that the plaintiff needs to make a threshold showing that the debts in question arose out

of transactions entered for personal, family or household purposes, and only suggesting this information can be ascertained through the defendants' records is not sufficient to establish such a requirement—"the plaintiff must also establish that the records are in fact useful for identification purposes, and that identification will be administratively feasible." *Riffle v. Convergent Outsourcing, Inc. and LVNV Funding LLC*, Case No. 6:14-01181-AAC-TBS at 5 (citations omitted) (courtesy copy attached hereto as <u>Exhibit A</u>). Defendants assert this order should be similarly followed in this case and Plaintiff's Motion for Class Certification should be denied.

## II.

## ARGUMENT AND AUTHORITIES

3.  In regards to the commonality element of Fed. R. Civ. P. 23(a)(2), Plaintiff asserts each individual of the proposed class had their account purchased in a single transaction by LVNV and the individuals were subsequently sued by MJS. <u>Doc. 29</u> at 4. Plaintiff continues to assert "[t]he common element here then is that the a single question is common to all of these individuals—did Conn Appliances own the debt that it purported to sell and that LVNV Funding purported to attempt to collect." *Id.* (citation omitted). Last, Plaintiff generally states "[c]ourts have frequently found that cases under the Federal Debt Collection Act are prime candidates for class certification." *Id.* (*citing Castro v. Collector, Inc.*, 256 F.R.D. 534 (W.D. Tex. 2009)).

However, as raised by Defendants in their Response to Plaintiff's Motion for Class Certification, Plaintiff must establish the class members have standing in that they meet the definition of "consumer" under the FDCPA and Texas Debt Collection Act ("TDCA") and the "debt" is an obligation "arising out of a transaction in which the money, property, insurance or services…are primarily for personal, family, or household purposes…." <u>Doc. 31</u> at 5; 15 U.S.C.

§ 1692a(5); Tex. Fin. Code Ann. § 392.001(2). Plaintiff's brief glosses over this simply citing the *Castro* case that FDCPA cases are prime candidates for certification without ever asserting any evidence to meet the threshold question of standing. In an attempt to establish standing and the class, Plaintiff attaches an affidavit to his Motion (Doc. 29-1) and a list of each account contained in the debt portfolio with individuals' name, account number, date of birth and address (Doc. 29-7). Neither of these items provide the court evidence as to the primary purpose of each class member's debt.

4. The Court in *Riffle* faced a similar question on certification. The plaintiff in *Riffle* sought class certification alleging collection letters on time barred debts without a disclosure of such fact violated the FDCPA. Exhibit A at 2. In determining the ascertainability of the proposed class, the court stated:

> In this putative action, Plaintiff asserts that Defendants violated the FDCPA. As such, Plaintiff will need to make a threshold showing that the debts in question arose out of transactions entered into for personal, family, or household purposes. *I.C. System, Inc.*, 627 F.3d 833, 837 (11th Cir. 2010); *see also* 15 U.S.C. § 1692a(5). Plaintiff suggests that identification of putative class members, including the nature of their debt, can be ascertained through a review of "Defendants' records, or the records of the original creditor[]." (Doc. No. 68 at 2). However, Defendants argue that class certification should be denied because Plaintiff fails to, *inter alia*, demonstrate that any of these records contain sufficient information from which the Court could determine the primary purpose of each class member's debt (Doc. No. 75 at 5-10). The Court is inclined to agree.
>
> Rule 23 "does not set forth a mere pleading standard." *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013) (citations and internal questions omitted). Thus, "[a] plaintiff cannot establish ascertainability simply by asserting that class members can be identified using the defendant's records; the plaintiff must also establish that the records are in fact useful for identification purposes, and that identification will be administratively feasible." *See Karhu v. Vital Pharms., Inc.*, __ F. App'x __, No. 14-11648, 2015 WL 3460722, at *3 (11th Cir. June 9, 2015) (footnote omitted).
>
> [...]
>
> The Court does not take conceptual issue with Plaintiff's suggestion of using

> Defendants' records or the records of the original creditor. However, the Court is unable to determine if Plaintiff's proposed method is viable because she merely speculates these records are "useful for identification purposes[] and that identification will be administratively feasible," without presenting any actual evidence to support those assertions. *Karhu*, 2015 WL 3450722, at *3 (footnote omitted). Merely accepting Plaintiff's bald assertions would be contrary to the law established by the U.S. Supreme Court, which requires that Plaintiff affirmatively demonstrate her compliance with Rule 23. *See Comcast Corp.*, 133 S. Ct. at 1432. Therefore, the Court finds that class certification is inappropriate.

Exhibit A at 5-7.

5. In this case, Plaintiff vaguely asserts similar conclusions justifying the same result. Plaintiff's counsel's affidavit relies on 3,768 lawsuits filed by MJS on behalf of LVNV for Conn Appliances debts. Doc. 29-2 at 2. Plaintiff further relies on documents from LVNV identifying all of the accounts purchased November 8, 2012 from Conn's in which Plaintiff's debt was purchased. *Id*. However, neither of these items do anything to support consumer standing under the FDCPA. Further, Plaintiff fails to demonstrate that any of these records contain sufficient information from which this Court can determine the primary purpose of each class member's debt. *Riffle* at 5. Thus, this Court should deny Plaintiff's Motion for Class Certification.

### III.

### **CONCLUSION**

6. The *Riffle* case and this case face similar problems regarding determining consumer status for standing under the FDCPA warranting denial of class certification. While Plaintiff attaches records which would show information identifying individuals and contact information, Plaintiff attaches nothing to show whether the incurred alleged debts meet the definition of 15 U.S.C. § 1692a(5) or Tex. Fin. Code Ann. § 392.001(2). Without such information, this Court is unable to make any determination on the primary purpose of each purported class member's debt, just as in *Riffle*. As such, this Court should deny Plaintiff's Motion for Class Certification.

WHEREFORE, PREMISES CONSIDERED, Defendants LVNV Funding, LLC and Michael J. Scott, P.C. respectfully request this Court consider this supplemental authority and deny Plaintiff's Motion for Class Certification.

Respectfully submitted,

**ROBBIE MALONE, PLLC**

/s/ Xerxes Martin
ROBBIE MALONE
State Bar No. 12876450
Email: rmalone@rmalonelaw.com
EUGENE XERXES MARTIN, IV
State Bar No. 24078928
Email: xmartin@rmalonelaw.com
ROBBIE MALONE, P.L.L.C.
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
TEL: (214) 346-2630
FAX: (214) 346-2631
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded to Plaintiff's counsel **via CM/ECF** on this 6TH day of November, 2015.

Sammy Ford IV
Abraham, Watkins, Nichols, Sorrells, Agosto & Friend
800 Commerce Street
Houston, Texas 77002
sford@abrahamwatkins.com
*Attorney for Plaintiff*

/s/ Xerxes Martin
XERXES MARTIN

DEFENDANTS' SUPPLEMENT TO THEIR RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION – Page 5
M:\122.0000 Michael Scott\122.0041 Monte Shular v. Michael J. Scott\Pleadings\122.0041.Supplement to Response to Motion for Class Cert.docx

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JANET RIFFLE,

        Plaintiff,

v.                                Case No: 6:14-cv-1181-Orl-22KRS

CONVERGENT OUTSOURCING,
INC. and LVNV FUNDING LLC,

        Defendant.
_____/

ORDER

This cause comes before the Court on consideration of Janet Riffle's ("Plaintiff") Motion for Class Certification (Doc. No. 67), Defendants Convergent Outsourcing, Inc. and LVNV Funding LLC's (collectively "Defendants") Response in Opposition (Doc. No. 75), and Plaintiff's Reply (Doc. No. 79). For the reasons stated herein Plaintiff's motion will be denied.

I.    BACKGROUND[1]

This putative class action arises out of Defendants' alleged attempt to collect a consumer debt from Plaintiff. According to the allegations of the Complaint, Plaintiff incurred consumer debt on a credit card issued by Chase Manhattan Bank, USA, N.A. ("Chase Bank"). (Doc. No. 1 ¶ 12). Plaintiff incurred the debt primarily for personal, family or household purposes. (*Id.*). The last payment Plaintiff made on her account occurred more

---

[1] For purposes of resolving this motion, the Court accepts the substantive allegations of the Complaint as true. *See In re Carbon Dioxide Antitrust Litigation*, 149 F.R.D. 299, 232 (M.D. Fla. 1993).

EXHIBIT A

than five years ago; thus, she defaulted. (*Id.* ¶¶ 14–15). Sometime thereafter, LVNV acquired Plaintiff's account from Chase Bank and placed it with Convergent for collection. (*Id.* ¶¶ 15–16). In May 2014, Convergent sent Plaintiff a letter that stated in pertinent part:

> The records of LVNV Funding LLC show that your account has a past due balance of $5,108.13. Our client has advised us that they are willing to settle your account for 20% of your total balance due . . . If you are interested in taking advantage of this offer, call our office within 45 days of this letter. Your settlement amount would be $1,021.63 to clear this account in full. Even if you are unable to take advantage of this offer, please contact our office to see what terms can be worked out on your account. We are not required to make this offer in the future.

(*See id.* at 12–14 (the "Exhibit A")).

Pursuant to the cardholder agreement associated with Plaintiff's credit card, the terms of her debt were governed by Delaware state law. (*Id.* ¶ 13). Delaware provides for a three-year statute of limitations on credit card debt. (*Id.* ¶ 24). Plaintiff therefore alleges that her debt was time-barred, and that she was confused and misled by Defendants' letter, which attempted to collect this time-barred debt. (*Id.* ¶ 20). Plaintiff further alleges that Defendants have a routine practice of sending consumers letters (in the form of Exhibit A) seeking to collect time-barred debts without disclosing that the statute of limitations has expired and that Defendants can no longer sue. (*Id.* ¶ 29).

Consequently, Plaintiff brings a putative class action against Defendants alleging that they "violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), by sending collection letters in the form of Exhibit A dunning consumers on timebarred debts without disclosure of that fact." (Doc. 1 ¶ 1). Pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, Plaintiff now seeks to certify the following class:

(i) all persons with addresses in Florida (ii) to whom Defendant Convergent Outsourcing, Inc. sent, or caused to be sent, a letter in the form of Exhibit A on behalf of LVNV Funding LLC (iii) in an attempt to collect an alleged debt originally due Chase Manhattan Bank (iv) which, as shown by the nature of the alleged debt, Defendants' records, or the records of the original creditor[], was primarily for personal, family, or household purposes (v) on which the last payment was made five or more years prior to the date of mailing of the letter in the form of Exhibit A (vi) during the period one year prior to the date of filing this action.

(Doc. No. 67). Defendants oppose certification of this class on grounds specified below. (Doc. No. 75).

## II. LEGAL STANDARD

A district court has broad discretion in deciding whether to certify a class. *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1569 (11th Cir. 1992). However, a district court may only certify a class action if it is satisfied, after a rigorous analysis, that Plaintiff has met the implicit and explicit requirements of Rule 23 of the Federal Rules of Civil Procedure. *Vega v. T-Mobile USA. Inc*, 564 F.3d 1256, 1266 (11th Cir. 2009).

In seeking class certification, Plaintiff must first establish one "threshold requirement not mentioned, but implicit in the Rule 23 analysis: that is, [] Plaintiff must demonstrate that the proposed class is adequately defined and clearly ascertainable." *Varnes v. Home Depot USA*, No. 3:12-cv-622-J-39JBT, 2015 WL 5190648 at *2 (M.D. Fla. Sept 4, 2015 (citations and internal quotations omitted). After establishing the ascertainability requirement, Plaintiff bears the burden of establishing the following four elements set forth under Rule 23(a): (1) the class is so numerous that joinder of all members is impracticable ("numerosity"); (2) there are questions of law or fact common to the class ("commonality"); (3) the claims or defenses of the representative parties are typical of the

claims or defenses of the class ("typicality"); and (4) the representative parties will fairly and adequately protect the interests of the class ("adequacy of representation"). *See* Fed. R. Civ. P. 23(a).

Finally, if Plaintiff establishes the prerequisites of Rule 23(a), she must then satisfy at least one of the alternative requirements under Rule 23(b). As noted above, Plaintiff has chosen to proceed under Rule 23(b)(3), which requires her to establish "that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3).

### III. ANALYSIS

Defendants' objection to class certification primarily rest on two grounds: (1) that Plaintiff fails to satisfy the predominance prong of Rule 23(b)(3); and (2) that "Plaintiff fails to provide the Court with evidentiary proof that an ascertainable class of claimants exists." (Doc. No. 75). Therefore, for purposes of resolving this motion, the Court will assume without deciding, that Plaintiff has meet the requirements of 23(a)—numerosity, typicality, commonality, and adequacy of representation—and focus on Defendants' primary challenges to certification—the ascertainably of Plaintiff's proposed class and Plaintiff's satisfaction of the predominance prong under Rule 23(b).

#### A. Ascertainability of Plaintiff's Proposed Class

As stated above, Plaintiff must demonstrate that her proposed class is "adequately defined and clearly ascertainable. *Bussey v. Macon Cnty. Greyhound Park, Inc.*, 562 F. App'x 782, 787 (11th Cir. 2014) (citing *Little v. T–Mobile USA, Inc.*, 691 F.3d 1302, 1304 (11th Cir. 2012). An identifiable class exists if its members can be ascertained by reference

to objective criteria. *Id.* at 787. "The analysis of the objective criteria also should be administratively feasible[, meaning] 'that identifying class members is a manageable process that does not require much, if any, individual inquiry.'" *Id.* (citing Newberg on Class Actions, § 3.3 at 164 (5th ed. 2012)). If Plaintiff fails to demonstrate that the putative class is clearly ascertainable, then class certification is properly denied. *See Walewski v. Zenimax Media, Inc.*, 502 Fed.Appx. 857, 861 (11th Cir. 2012).

In this putative action, Plaintiff asserts that Defendants violated the FDCPA. As such, Plaintiff will need to make a threshold showing that the debts in question arose out of transactions entered into for personal, family, or household purposes. *See Oppenheim v. I.C. System, Inc.*, 627 F.3d 833, 837 (11th Cir. 2010); *see also* 15 U.S.C. 1692a(5). Plaintiff suggests that the identification of putative class members, including the nature of their debt, can be ascertained through a review of "Defendants' records, or the records of the original creditor[]." (Doc. No. 68 at 2). However, Defendants argue that class certification should be denied because Plaintiff fails to, *inter alia*, demonstrate that any of these records contain sufficient information from which the Court could determine the primary purpose of each class member's debt. (Doc. No. 75 at 5–10). The Court is inclined to agree.

Rule 23 "does not set forth a mere pleading standard." *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013) (citations and internal questions omitted). Thus, "[a] plaintiff cannot establish ascertainability simply by asserting that class members can be identified using the defendant's records; the plaintiff must also establish that the records are in fact useful for identification purposes, and that identification will be administratively feasible." *See Karhu v. Vital Pharms., Inc.*, __F. App'x__, No. 14-11648, 2015 WL 3560722, at *3

(11th Cir. June 9, 2015).[2]

Here, Plaintiff has simply intimated that the records of Defendants or the original creditor will be useful in identifying potential class members. She has neither presented evidence nor precedent that allows the Court to confirm the validity of these methods. Indeed, Defendants claim that their records do not show the reasons for which each putative class member's debt were incurred. Moreover, Defendants have provided declarations from the representative of LVNV and the executive vice president of Convergent to support this assertion. (*See* Doc. 75-1 ¶ 12 ("Emmerich Decl."); *see also* Doc. No. 75-2 ¶ 12 ("Hunter Decl.")). Furthermore, as Defendants note—and Plaintiff does not dispute—Plaintiff has not presented any records of the original creditor to show how the nature of a putative class member's debt may be identified. Furthermore, there is no evidence demonstrating that the original creditor still possesses transactional information for the proposed class or whether these records will even reveal the nature of each credit card transaction.

The Court does not take conceptual issue with Plaintiff's suggestion of using Defendants' records or the records of the original creditor. However, the Court is unable to determine if Plaintiff's proposed method is viable because she merely speculates these records are "useful for identification purposes[] and that identification will be administratively feasible," without presenting any actual evidence to support those

---

[2]  While *Karhu* is an unpublished-and therefore non-binding-decision of the Eleventh Circuit, the Court nonetheless finds it instructive. Moreover, the Court notes that there are only three other Eleventh Circuit cases that address the ascertainability requirement, only one of which is binding. *See generally, See Walewski v. Zenimax Media, Inc.*, 502 Fed. App'x. 857 (11th Cir. 2012); *Bussey v. Macon Cnty. Greyhound Park, Inc.*, 562 F. App'x 782 (11th Cir. 2014); and *Little v. T–Mobile USA, Inc.*, 691 F.3d 1302, 1304 (11th Cir. 2012).

assertions.[3] *Karhu.*, 2015 WL 3560722, at *3. Merely accepting Plaintiff's bald assertions would be contrary to the law established by the U.S. Supreme Court, which requires that Plaintiff affirmatively demonstrate her compliance with Rule 23. *See Comcast Corp.*, 133 S. Ct. at 1432. Therefore, the Court finds that class certification is inappropriate.

### B.     Predominance Under Rule 23(b)(3)

Although the Court can deny Plaintiff's motion for class certification solely based on her failure to establish the prerequisite of ascertainability, for the parties' benefit, the Court will address Defendants' argument that Plaintiff has failed to establish the predominance prong under Rule 23(b)(3). (Doc. No. 75 at 10–17).

Under the predominance prong of Rule 23(b)(3), Plaintiff must demonstrate that "the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, . . . predominate over those issues that are subject only to individualized proof." *Rutstein v. Avis Rent-A-Car Sys., Inc.*, 211 F.3d 1228, 1233 (11th Cir. 2000). As the Eleventh Circuit has recently explained:

> Common issues of fact and law predominate if they have a direct impact on every class member's effort to establish liability that is more substantial than the impact of individualized issues in resolving the claim or claims of each class member. If after adjudication of the classwide issues, plaintiffs must still introduce a great deal of individualized proof or argue a number of individualized legal points to establish most or all of the elements of their individual claims, their claims are not suitable for class certification under Rule 23(b)(3).

---

[3]     Plaintiff proposes other methods for determining class membership. (*See* Doc. No. 79 at 6–7). However, it was only after Defendants challenged the ascertainability of the proposed class that Plaintiff attempted, for the first time in her reply brief, to suggest additional methods for identifying class members; thus, Defendants have not had the opportunity to challenge those methods. Therefore, in the interests of fairness to all parties and efficient use of judicial resources, the Court will not consider the additional methods proposed in Plaintiff's reply brief.

*Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs., Inc.*, 601 F.3d 1159, 1170 (11th Cir. 2010) (citations and internal quotations omitted). Therefore, to determine whether questions of law or fact common to class members predominate, a court must "take into account the claims, defenses, relevant facts, and applicable substantive law, to assess the degree to which resolution of the classwide issues will further each individual class member's claim against the defendant." *Vega v. T-Mobile USA. Inc*, 564 F.3d at 1274 (internal quotations and citation omitted). The predominance analysis "begins, of course, with the elements of the underlying cause of action." *Erica P. John Fund, Inc. v. Halliburton Co. (Halliburton I)*, 563 U.S. 804 (2011).

In this putative class action, Plaintiff brings a single cause of action against Defendants for violation of the FDCPA. (Doc. No. 1 at 8).[4] To prevail on her FDCPA claim, Plaintiff must demonstrate that: (1) each putative class member was the object of collection activity arising from consumer debt; (2) Defendants are debt collectors as defined by the FDCPA; and (3) Defendants engaged in an act or omission prohibited by the FDCPA. *Fuller v. Becker & Poliakoff, P.A.*, 192 F. Supp. 2d 1361, 1366 (M.D. Fla. 2002).

Defendants argue that Plaintiff has failed to establish the predominance prong of Rule 23(b)(3) because the third element involves issues that are not "subject to class-wide resolution through generalized proof." Specifically, Defendants argue that the debts of persons meeting the proposed class definition are not necessarily time-barred, and determining whether each putative class member's debt is time-barred will require

---

[4] In Count I of the Complaint, Plaintiff alleges that Defendants violated 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f. (Doc. No. 1 at 8).

individualized inquiry. After carefully considering the filings of both parties, the Court finds that Defendants argument has merit.

Plaintiff alleges that Defendants violated the FDCPA by sending letters in the form of Exhibit A in an attempt to collect time-barred debts without disclosing (1) that the statute of limitations had expired and (2) that Defendants could not sue to collect the debts. (Doc. No. 1 ¶ 29). Because Plaintiff's FDCPA is premised entirely on Defendants' alleged attempt to collect on *time-barred* debts, Defendants' liability will depend on the status of each class member's' debt—that is, whether the statute of limitations had lapsed on their debt at the time Defendants sent the letter in the form of Exhibit A. *See e.g., Conway v. Portfolio Recovery Associates*, LLC, 13 F. Supp. 3d 711, 713 (E.D. Ky. 2014) (explaining that because plaintiff's FDCPA claim "is based entirely on the premise that [the defendant] brought a time-barred collection suit against him, if [the defendant's] suit was within the statute of limitations, then [plaintiff] has failed to state a claim); *see also Castro v. Collecto, Inc.*, 634 F.3d 779, 783 (5th Cir. 2011) (noting that plaintiffs had to "show that their debts . . . were time-barred" before proceeding on their FDCPA claim); *Clavell v. Midland Funding LLC*, No. CIV.A. 10-3593, 2011 WL 2462046, at *4 (E.D. Pa. June 21, 2011). (stating that the outcome of plaintiff's FDCPA claim—which stemmed from defendant's alleged attempt to collect on time-barred debt—would depend on whether the debt was time-barred).

Plaintiff provides no evidence that the debts of persons meeting her proposed class definition are time-barred. Instead, she appears to assume that the debts of persons meeting her proposed class are barred by Delaware's limitations period simply because her class is restricted to persons with debts "on which the last payment was made five or more years

prior to the date of mailing of the letter in the form of Exhibit A." (Doc. No. 62 at 2). However, Plaintiff's assumption is flawed because many factors must be considered when determining the expiration of a limitations period, one in particular being the accrual date.

As noted above, Plaintiff alleges that the cardholder agreement associated with her credit card provided that Delaware law would govern her obligations to Chase Bank. Pursuant to Del. Code Ann. Tit. 10, § 8106: "[n]o action . . . based on a detailed statement of the mutual demands in the nature of debit and credit between parties arising out of contractual or fiduciary relations . . . shall be brought after the expiration of 3 years from the accruing of the cause of such action." Generally, "the limitations on lawsuits for breach of installment payment contracts accrue with respect to each installment only from the time the installment becomes due." *See Walpole v. Walls*, No. 01-10-0148, 2003 WL 22931330, at *2 (Del. Ct. Com. Pl. July 8, 2003). However, the accrual date of Delaware's limitations period can vary depending on the terms of the underlying contract. *See id.* For instance, if the contract provides an obligee with the option to declare the entire balance of a debt due immediately, the statute of limitations begins to run from the date the obligee exercises that option. *Id.* at *2 (citing *Worrel v. Farmers Bank of the State of Del.*, 430 A.2d 469, 476 (Del. 1981)).

These principles were more recently reaffirmed in *Mercado v. HFC Collection Center., Inc.*, No. 3:12-cv-122-J-12JBT, 2013 WL 645988 (M.D. Fla. Jan. 28, 2013) and *Carter v. Athena Funding Group Assets LLC*, No. 612-cv-706-ORL-31DAB, 2012 WL 3947344, at *1 (M.D. Fla. Sept. 10, 2012), when two courts in this District interpreted Delaware's limitations period with respect to the collection of consumer credit card debt. In both cases, a plaintiff brought suit against a debt collector alleging that it violated the

FDCPA by filing a time-barred lawsuit against the plaintiff seeking to recover debt originally owed to Chase Bank. *Mercado*, 2013 WL 645988 at *1; *Carter*, 2012 WL 3947344 at *1. The parties disputed the date on which the statute of limitations began to accrue: the plaintiff argued that the limitations period commenced on the date of last account activity or payment, while the debt collector argued that the limitations period accrued once the creditor charged-off each account, declaring the plaintiff's entire balance due immediately. *Mercado*, 2013 WL 645988 at **5–6; *Carter*, 2012 WL 3947344. The *Mercado* and *Carter* courts agreed with the debt collectors, finding that: since the plaintiff's cardholder agreement allowed Chase Bank, at its option, to close the plaintiff's account and demand full payment of the unpaid balance, the statute of limitations did not accrue from the date of last payment. *Mercado*, 2013 WL 645988 at **5–6; *Carter*, 2012 WL 3947344. Rather, the statute of limitations accrued when Chase Bank declared the entire debt immediately due and payable. *Mercado*, 2013 WL 645988 at **5–6; *Carter*, 2012 WL 3947344.

Here, Plaintiff has not provided any evidence from which the Court can determine when the statute of limitations began to accrue on each class member's debt; and Defendants affirm that they are not in "possession, custody, or control of the cardholder agreements that govern the financial obligations originally owed to Chase Manhattan Bank." (*See* Emmerich Decl. ¶ 11; *see also* Hunter Decl., ¶ 11). Thus, to determine whether each class member's debt is time-barred, the Court would first need to review the applicable cardholder agreements to determine when the limitations period began to accrue.

If each class member's cardholder agreement contains comparable language to the

agreement in *Mercado* and *Carter*[5]—which is possible since Chase Bank was the original creditor in those cases as well—the statute of limitations began to run from the time Chase Bank demanded full payment of each class member's debt, or from their respective charge-off date. Consequently, "calculating the statute of limitations based on the last payment [] date may not—indeed, likely will not—definitely capture the actual statute of limitations expiration date." *Clavell*, 2011 WL 2462046, at *4. Instead, the Court will be required to conduct individualized inquiries to determine when the limitations period actually expired on each class member's debt.

Determining whether a debt is time-barred is not always a simple task. In fact, in making such a determination, the Court will be required to consider many factors, such as the charge-off date, tolling issues, revival issues,[6] and any actions between the debtor and creditor that may have modified their original agreement. *See Clavell*, 2011 WL 2462046, at *3. This is exactly the type of extensive factual inquiry that courts have held to be too administratively burdensome to warrant class certification. *See also Parkis v. Arrow Fin. Servs., LLS*, No. 07 C 410, 2008 WL 94798, at *4 (N.D. Ill. Jan. 8, 2008); *Clavell*, 2011 WL 2462046, at *4; and *Jenkins v. Gen. Collection Co.*, No. 8:06CV743, 2008 WL 4104677, at *11 (D. Neb. Aug. 28, 2008) (denying class certification where determining the expiration of statute of limitations with respect to each putative class member's debt would require an individualized inquiry).

---

[5]     In *Carter* and *Mercado* the Chase Bank's cardholder agreement at issue stated in relevant part: "'[i]f [Chase Bank] considers your account to be in default, we may close your account without notice and require you to pay your unpaid balance immediately.'" *See Carter*, 2012 WL 3947344, at *1; *see also Mercado*, 2013 WL 645988, at *5.

[6]     *See Hart v. Deshong*, 8 A.2d 85 (Del. 1939) (explaining that the bar of the statute of limitations can be lifted by an unconditional acknowledgment of the debt or by payment on the account).

Plaintiff argues that the status of each putative class member's debt is not an issue in this case, (Doc. No. 79 at 9), and maintains that she satisfies the predominance issue because "all class members, by definition, were sent a letter in the form of Exhibit A from Defendants which failed to state that the debt was timebarred, and were subjected to the same violations of the FDCPA as [Plaintiff]." (Doc. 68 at 11; Doc. 79 at 9). In support of that proposition, Plaintiff primarily relies on *Drossin v. National Action Financial Services, Inc.*, 255 F.R.D. 608, 615-16 (S.D. Fla. 2009); *Swanson v. Mid Am, Inc.*, 186 F.R.D. 665, 668 (M.D. Fla.1999); *Powers v. Credit Management Services, Inc.*, 776 F.3d 567, 570 (8th Cir. 2015); *Buchanan v. Northland Group*, 776 F.3d 393 (6th Cir. 2015); and *McMahon v. LVNV Funding, LLC*, 774 F.3d 1010 (7th Cir. 2014). (*See* Doc. No. 68 at 12; Doc. 79 at 9). Plaintiff's argument gains no traction with the Court.

Plaintiff's reliance on *Drossin, Swanson,* and *Powers* is misplaced because these cases did not arise from facts involving *time-barred* debts; therefore, the status of each class member's debt obviously would not be a predominant issue. *See generally, Drossin v.*, 255 F.R.D. 608; *Swanson*, 186 F.R.D. 665; and *Powers*, 776 F.3d 567. Although the facts in *Buchanan* and *McMahon* did arise out of a debt collector's attempt to collect on time-barred debt, Plaintiff's reliance on these cases is similarly misplaced. Unlike the instant case where predominance is hotly contested, the matter was never discussed in *Buchanan* or *McMahon*; in fact, the requirements for class action certification were not discussed at all. *See Buchanan,* 776 F.3d at 393; *McMahon,* 774 F.3d at 1010. Instead, both decisions primarily focused on the "circumstances under which a dunning letter for a time-barred debt could mislead an unsophisticated consumer to believe that the debt is enforceable in court, and thereby violate the FDCPA." *See McMahon,* 744 F.3d at 1012,

1019–1022; *see also Buchanan*, 776 F.3d at 393–400. Thus, the Court finds Plaintiff's authority unpersuasive.

Here, it is clear that even if Plaintiff were able to establish, on a class-wide basis, that Defendants had a routine practice of sending consumers letters in the form of Exhibit A in an attempt to collect on time-barred debts, significant issues of liability would still remain because the Court would still be required to conduct individualized inquiries as to whether each class member's debt was actually time-barred. For those reasons, the Court finds that Plaintiff has failed to establish that common issues predominate over individual issues, and her motion for class certification must be denied. *See, Cooper v. S. Co.*, 390 F.3d 695, 722 (11th Cir. 2004) ("[A] class action should not proceed under Rule 23(b)(3) when it appears that most, if not all, of the plaintiffs' claims will stand or fall, not on the question whether the defendant has a practice or policy . . . but on the resolution of highly case-specific factual issues."), *overruled on other grounds by Ash v. Tyson Foods, Inc.*, 546 U.S. 454, 457 (2006).

## IV. CONCLUSION

Based on the foregoing, it is ordered Plaintiff Janet Riffle's Motion for Class Certification (Doc. No. 67) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on November 2, 2015.

*Anne C. Conway*
ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties